SUMMARY ORDER
Pro se plaintiff-appellant Wamel I. Allah appeals from a September 6, 2005 Memorandum and Order of the District Court denying his motion to reconsider an earlier ruling of the District Court which dismissed his § 1983 his suit on the ground that defendants—who are employees of the Department of Correctional Services— were entitled to qualified immunity.
We assume the parties’ familiarity with the procedural background and facts of this case. Plaintiff alleges that in September 1993, while he was incarcerated at Green Haven Correctional Facility, defendants filed a false inmate misconduct report against him in retaliation for his refusal to be recruited as an informant against fellow inmates. In a July 30, 1999 Memorandum and Order, the District Court dismissed on summary judgment plaintiffs Eighth and Fourteenth Amendment claims, as well as his claims under 42 U.S.C. §§ 1985 and 1986. Allah v. Juchnewioz, No. 93 Civ. 8813(LMM), 1999 WL 562100 (S.D.N.Y. July 30, 1999). The District Court did not dismiss plaintiffs § 1983 retaliation claim, however, holding that an inmate has a constitutional right not to snitch, id. at *3-*4, and concluding that plaintiff had presented triable issues of fact under this cause of action.
On February 11, 2004, defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that they were entitled to qualified immunity because at the time the incident allegedly occurred, it was not clearly established that plaintiffs refusal to become an informant was constitutionally protected conduct. In an October 26, 2004 Memorandum and Order, the District Court granted defendants’ motion and dismissed the complaint after determining that “defendants are entitled to qualified immunity because the right not to snitch which the Court found to exist in its 1999 decision was not clearly established at the relevant time.” Allah v. Juchenwioz, No. 93 Civ. 8813(LMM), 2004 WL 2389823, at *4 (S.D.N.Y. Oct.26, 2004).
‘When, as here, the district court resolves a qualified immunity issue on a motion to dismiss, we review the Court’s determination de novo, accept as true all material allegations of the complaint, and draw all reasonable inferences in the plaintiffs favor.” Anderson v. Recore, 317 F.3d 194, 197 (2d Cir.2003).
Because we agree with the District Court’s conclusion that defendants were shielded from suit by the doctrine of qualified immunity, we hold that the District Court properly dismissed plaintiffs suit. “In general, public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights.” Holcomb v. Lykens, 337 F.3d 217, 220 (2d Cir.2003) (internal quotation marks and citation omitted). At the outset, we “address the threshold question of whether the ... complaint alleges the deprivation of an actual constitutional right. If it does, we then decide whether the right was clearly established at the time of the officers’ alleged misdeeds. ” Id. (internal quotation marks and citation omitted) (emphasis added). For a constitutional right to be “clearly established,” the “contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.” Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).
*189 For the purposes of this appeal, we need not and do not address whether the District Court was correct in its previous assessment that an inmate has a constitutional right not to become an informant. Even assuming arguendo that such a right existed, it was not “clearly established” at the time when the challenged conduct occurred in 1993. Neither the Supreme Court nor this Court has ever held that a prisoner enjoys a constitutional right not to become an informant. Moreover, neither of the two cases that the District Court cited for this proposition in its 1999 Order—Jackson v. Johnson, 15 F.Supp.2d 341 (S.D.N.Y.1998) and Watson v. McGinnis, 964 F.Supp. 127 (S.D.N.Y.1997)—had been decided by September 1993.[1] Because defendants’ conduct did not violate any clearly established constitutional rights, we hold that the District Court did not err in dismissing plaintiffs retaliation claim.
* * * * * *
We have considered all of plaintiffs arguments and found each of them to be without merit. Accordingly, the October 26, 2004 and September 6, 2005 judgments of the District Court are AFFIRMED.

. We further note that the District Court in Jackson merely "assume[d] without deciding” the issue of whether plaintiff had a "constitutional right[] not to snitch.” Jackson, 15 F.Supp.2d at 364. Cf. David v. Hill, 401 F.Supp.2d 749, 757 (S.D.Tex.2005) (assuming without deciding that prisoner had a constitutional right not to participate in a prison investigation).